In the Matter of the Application for the DISCIPLINE OF Joel T. MITCHELL, an Attorney at Law of the State of Minnesota.

No. C7–85–838.

Supreme Court of Minnesota.

May 17, 1985.

## ORDER

The above-entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has the right to have charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel prior to the filing of a petition for disciplinary action, as set forth in the Rules on Lawyers Professional Responsibility (RLPR). Pursuant to Rule 10(a), RLPR, the parties agree to dispense with panel proceedings under Rule 9, RLPR, and respondent agrees to the immediate filing of the attached petition for disciplinary action, hereinafter petition, in the Minnesota Supreme Court.

2. Respondent understands that upon the filing of this stipulation and the petition this matter will be of public record.

3. Respondent understands he has certain rights pursuant to Rule 14, RLPR. Respondent waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments. Respondent hereby admits service of the petition.

4. Respondent waives his right to answer and unconditionally admits the allegations of the petition which may be summarized as follows:

a. Respondent's prior disciplinary history is as follows:

(1) In 1974, the Eleventh District Ethics Committee issued a private letter of reprimand to respondent for dilatory handling of two legal matters and non-communication with his clients (see First Count, paragraph A);

(2) In January, 1978, the Director issued a private warning to respondent for neglect of a legal matter, in violation of DR 6–101(A)(3), and failure to cooperate with the district ethics committee, in violation of DR 1–102(A)(5) and (6), MCPR (First Count, paragraph B);

(3) In March, 1978, the Director issued a private warning to respondent for neglect of a legal matter, in violation of DR 6–101(A)(3), and failure to cooperate with the district ethics committee, in violation of DR 1–102(A)(5) and (6), MCPR (First Count, paragraph C);

(4) In May, 1978, respondent stipulated to a warning for neglect of a personal injury case and non-communication with his client, in violation of DR 1–102(A)(5) and (6) and DR 6–101(A)(3), MCPR, and for release of the client's file without permission and for intent to divide subsequent legal

fees, in violation of DR 2–107(A)(1) and DR 4–101(B), MCPR (First Count, paragraph D);

(5) In August, 1979, respondent stipulated to a two-year private probation for, *inter alia,* neglect and non-communication with clients, in violation of DR 1–102(A)(1), (5) and (6), DR 2–110(A)(2), DR 2–110(B)(4), DR 6–101(A)(3), DR 7–101(A)(2) and (3) and DR 7–102(A)(8), MCPR (First Count, paragraph E);

(6) In January, 1982, respondent received a panel reprimand after probation (First Count, paragraph F).

b. Respondent neglected a collection matter and failed to respond to letters or phone calls from the client, in violation of DR 1–102(A)(5) and (6), DR 6–101(A)(3) and DR 7–101(A)(2) and (3), MCPR.

5. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition it deems appropriate. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

6. The Director and respondent join in recommending that the appropriate discipline is a public reprimand and two years probation pursuant to Rule 15, RLPR. Respondent agrees to the imposition and payment of $500 in costs pursuant to Rule 24(a), RLPR. The probation would be subject to the following conditions:

a. Respondent shall abide by the MCPR or such other rules governing attorney conduct as the supreme court may promulgate. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

b. Within two weeks of the date of the court's approval of this stipulation, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

c. Respondent shall cooperate fully with the supervisor and with the Director's office in their efforts to monitor compliance with this stay and in any investigations of further unprofessional conduct which may arise during the probation.

d. Respondent shall initiate and maintain office procedures which insure that there are prompt responses to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

7. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representations by any person except as contained herein.

8. Respondent hereby acknowledges receipt of a copy of this stipulation.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent Joel T. Mitchell is publicly reprimanded pursuant to Minn.R.Law. Prof.Resp. 15.

2. Respondent Joel T. Mitchell is placed on probation for a period of two years from

the date of this order upon the following terms and conditions:

a. Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court shall promulgate. Respondent shall cooperate with the Director of Lawyers Professional Responsibility's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this order.

b. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of the probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

c. Respondent shall cooperate fully with the supervisor and with the Director's office in their efforts to monitor compliance with this stay and in any investigations of further unprofessional conduct which may arise during the probation.

d. Respondent shall initiate and maintain office procedures which insure that there are prompt responses to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

3. Respondent shall pay to the Minnesota Lawyers Professional Responsibility Board $500 in costs pursuant to Minn.R. Law.Prof.Resp. 24(a).