In re Charges of Unprofessional Conduct against MDK, an Attorney at Law of the State of Minnesota.

No. C3–95–451.

Supreme Court of Minnesota.

July 14, 1995.

John C. McNulty, Charlotte M. Reed, St. Paul, for appellant.

Marcia A. Johnson, Director, Lawyers Professional Responsibility Bd., Martin A. Cole, Sr. Asst. Director, St. Paul, for respondent.

OPINION

PER CURIAM.

Respondent, MDK, an attorney licensed to practice law in Minnesota, failed to include the word "Advertisement" at the beginning of a solicitation letter. At the request of the Director of the Office of Lawyers Professional Responsibility, the Hennepin County District Ethics Committee, investigated a complaint resulting from the letter. The Committee found MDK had violated Minn.R.Prof.Conduct 7.2(f) and recommended an admonition. The Director issued this admonition, and on appeal the Lawyers Board Panel affirmed the admonition. We affirm the Panel.

■ Respondent, MDK, was admitted to practice law in Minnesota on October 21, 1983. On January 12, 1994, MDK sent a solicitation letter to N.D. The letter offered MDK's services in personal injury matters and enclosed a copy of his yellow pages advertisement. The letter did not contain the word "Advertisement" in any place. However, at the bottom of the letter, under the signature, the line "Enclosure: Ad" was printed.

N.D.'s attorney filed a complaint with the Office of Lawyers Professional Responsibility alleging that the solicitation letter did not comply with Minn.R.Prof.Conduct 7.2(f), which requires the word "Advertisement" to appear clearly and conspicuously at the beginning of any solicitation to a prospective client. As soon as MDK was advised of the potential violation of Rule 7.2(f), he immediately inserted the word "Advertisement" at the beginning of his solicitation letters.

At the request of the Director, the Hennepin County District Ethics Committee investigated the complaint, found the solicitation letter constituted a violation of Rule 7.2(f), and recommended an admonition. On August 19, 1994, the Director determined MDK had violated Rule 7.2(f) and issued a written admonition. MDK appealed the Director's determination to the Lawyers Board Panel pursuant to Rule 8(d)(2)(iii), Rules on Lawyers Professional Responsibility (RLPR). On January 31, 1995, the Panel affirmed the Director's admonition. On March 1, 1994,

MDK gave timely notice of his appeal to this court pursuant to Rule 9(m), RLPR.

■ Rule 8(d)(2), RLPR, authorizes the Director to issue admonitions in any matter where a lawyer engages in unprofessional conduct which is isolated and nonserious. For this court to reverse the determination of the Panel, the respondent must demonstrate that the Panel's decision was clearly erroneous. *In re Admonition issued to X.Y.*, 529 N.W.2d 688, 689–90 (Minn.1995).

Rule 7.2(f) provides:

The word "ADVERTISEMENT" must appear clearly and conspicuously at the beginning of any written solicitation to a prospective client with whom the lawyer has no family or prior professional relationship and who may be in need of specific legal services because of a condition or occurrence that is known to the soliciting lawyer.

Although MDK admits that he "technically" violated Rule 7.2(f), he suggests that because no one was misled and he took immediate remedial measures to correct the violation that he "substantially" complied with Rule 7.2(f) and therefore should not be admonished. We disagree.

■ An admonition is the lowest level of discipline that may be imposed. It is imposed for isolated and nonserious violations of the disciplinary rules. Rule 8(d)(2), RLPR. We believe this is such a case. That no one was misled and that MDK took remedial measures does not reduce a violation of a rule, however technical, into no violation and thus no discipline at all. Rather, MDK's salutary actions result in the level of discipline not being increased. Had MDK's letter been deceptive, caused specific harm, or in some other manner been malignant, greater discipline may have been warranted. We believe the Director were correct in recommending and issuing this admonition and therefore affirm.

It is so ordered.