**In re the Matter of PANEL FILE 96–35.**

**No. C4–97–561.**

Supreme Court of Minnesota.

Nov. 20, 1997.

Bassford, Lockhart, Truesdell & Briggs, P.A., Fredrick E. Finch, Minneapolis, for Appellant.

Office of Lawyers Professional Responsibility, Eric Cooperstein, St. Paul, for Respondent.

## OPINION

**PER CURIAM.**

On July 15, 1996, after an investigation prompted by a client complaint, the director of the Office of Lawyers Professional Responsibility issued a private admonition to appellant pursuant to Rule 8(d)(2),[1] Rules on Lawyers Professional Responsibility (RLPR), in connection with her representation of A.O., a pro bono client. The director found that appellant violated Minn. R. Prof. Conduct 1.1, 1.3, and 1.4 because of appellant's failure to attend a motion hearing or obtain a continuance, and failure to fully inform the client of the consequences of not attending the hearing. Pursuant to Rule 8(e), RLPR, appellant requested review of the director's decision before the Lawyers Professional Responsibility Board Panel, at which appellant testified and both the director and appellant submitted affidavit expert testimony. On February 19, 1997, the panel affirmed the director's decision that appellant should be privately admonished. We conclude that the panel's findings were not clearly erroneous and affirm.

Appellant is an attorney in solo practice in Burnsville, Minnesota, working almost exclusively in the areas of family law and probate. In late April 1995, the Hennepin County Volunteer Lawyers Network contacted appellant and asked her to represent A.O. in a family law matter on a pro bono basis.

Appellant agreed to represent A.O. and spoke briefly on the telephone with A.O. to arrange a meeting in A.O.'s home on Tuesday, May 2. During the course of the 45 minute meeting, appellant inquired about the history of the marriage, marital assets, and reviewed the summons and petition for dissolution requesting joint legal custody with reasonable visitation of their one young child. A.O. had custody of the child at that time but refused to allow her husband visitation. A.O. showed appellant a letter from her husband's attorney that stated her husband would be bringing a motion to get court-ordered visitation. A.O. did not want to allow visitation; she stated that her husband was disabled after a "drug deal gone bad" and that his parents are drug users. Appellant tried to elicit more information on these topics, but A.O. refused. Appellant told A.O. that unless there was evidence of child abuse or endangerment, the court would allow visitation. Significantly, however, appellant did not discuss the scope of representation, nor did appellant retain a copy of the dissolution papers, discuss with A.O. the distinction between legal and physical custody or any options such as supervised visitation, a custody study of her husband's parenting abilities, or appointment of a guardian ad litem. Appellant did not request that A.O. sign a retainer or scope of representation form.

On Tuesday, May 9, A.O. telephoned appellant and told her that she had been personally served with papers on Saturday, May 6. Instead of going to appellant's office, A.O. asked to read the papers over the phone. During this conversation, A.O. read to appellant the motion, notice of motion, and affidavits, but she apparently did not mention the order to show cause included among the papers, requiring her to appear in person at the hearing. *See* Minn. Gen. R. Prac. 116. Although the motion hearing was scheduled for May 19, one day short of the minimum allowed under Minn. Gen. R. Prac. 303.03(a)(3), appellant told A.O. that she did not think the short service would provide a defense. Appellant testified that she told A.O. that A.O. would need to provide more information so that an affidavit could be submitted on her behalf in opposition to the motion, and asked A.O. to mail the papers to her. After this conversation, appellant never calculated when the responsive papers were due, nor did she do any research or prepare any documents relating to the failure of the motion papers to provide adequate notice under Rule 303.03(a)(3). When appellant failed to receive the papers, she did not contact A.O., opposing counsel or the court to obtain a copy because she "had pretty much decided there wasn't going to be anything I could do for her." Appellant and A.O. did not speak again until Tuesday, May 16 when A.O. telephoned appellant. A.O. said she would not

---

1. Rule 8(d)(2), RLPR, authorizes the director to issue an admonition when a lawyer engages in unprofessional conduct of an isolated and nonserious nature.

come to court on Friday for the hearing. Appellant told her, "since we have no information that we could present to the court, I probably will not go to court either." A.O. did not object. Appellant told A.O. that the motion would be granted, but was not aware and did not discuss the possibility that attorney fees could be awarded to her husband. She stated that she would wait to hear from A.O. if A.O. wanted appellant to go to the hearing. Appellant testified that she thought later courts might be more lenient if the record reflected no appearance by A.O. or counsel because the court might think "something was mislaid, maybe somebody didn't know, maybe there was a big accident." Neither appellant nor A.O. appeared at the hearing; at no point did appellant contact the court or opposing counsel to notify them that no one would appear. The court entered an order granting the husband joint legal custody and ordered the commencement of a visitation schedule providing for visitation on alternating weekends.

After the May 19 hearing appellant waited to contact A.O. because she "assumed [A.O.] was talking to her husband, and I thought this was all going to be settled between them probably." On Tuesday, May 23, A.O. telephoned appellant to say she was moving. Appellant believed A.O. was attempting to avoid compliance with the visitation order, but appellant did not offer any advice to A.O. about the order or discuss the consequences of noncompliance.

On May 31, appellant was served with moving papers regarding an August 9 motion hearing brought to enforce the May 19 visitation order. Appellant sent A.O. a letter on June 9 discussing various matters and then on June 16 sent a letter withdrawing from representation as of June 23.

In response to a complaint, the first district ethics committee investigated and recommended to the director that an admonition be issued for violations of Minn. R. Prof. Conduct 1.1 requiring a lawyer to provide competent representation, 1.3 requiring a lawyer to act with reasonable diligence and promptness in representing a client, and 1.4 requiring a lawyer to keep the client reasonably informed about the status of the matter and to explain the matter to the client to the extent necessary to permit the client to make an informed decision regarding representation.

Rule 8(d)(2), RLPR, authorizes the director of the Lawyers Board of Professional Responsibility to issue an admonition, the lowest level of discipline, for any matter where a lawyer engages in an isolated, non-serious violation of the disciplinary rules. *In re M.D.K.*, 534 N.W.2d 271, 272 (Minn.1995). The lawyer may appeal the director's admonition to the Lawyers Professional Responsibility Board Panel, pursuant to Rule 8(e), RLPR. Under Rule 9(i)(1), RLPR, the hearing panel must affirm the admonition if it is supported by clear and convincing evidence. Here, the three member hearing panel determined that there was clear and convincing evidence that appellant violated Minn. R. Prof. Conduct 1.1, 1.3 and 1.4 in her representation of A.O.

■ This court may reverse the determination of the panel only if its decision was clearly erroneous. *In re Admonition issued to X.Y.*, 529 N.W.2d 688, 689–90 (Minn.1995).

■ As to the competence charge, appellant's conduct is tested against Minn. R. Prof. Conduct 1.1 which requires an attorney to represent a client with the "legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." The director argues that appellant failed to competently represent A.O. because appellant did not advise her client about supervised visitation options, did not research or pursue the short service issue, did not prepare for the hearing in any way, did not attend the hearing, did not know or advise A.O. that attorney fees or other sanctions could result from default at the hearing, failed to notify the court or opposing counsel that no one would attend the hearing and failed to attend the hearing herself.

The director's expert, Rosanne Nathanson, testified that the short service issue was meritorious, as minimum notice requirements are strictly enforced, and that appellant's argument that a default by counsel of record is preferable at a motion hearing "demonstrates a lack of understanding of the rules

and the standards of practice in the Twin Cities legal community, the nature of prejudice to a client and an attorney's duties as an officer of the court." Nathanson noted that "[i]t is difficult to conceive of any circumstance in which an attorney's appearance would be more prejudicial to the client than a default," and that the court may impose attorney fees when a party fails to respond to a motion.

Appellant argues that she had no reason to prepare for or attend the hearing because A.O. was uncooperative and did not provide any information for an affidavit against visitation. Appellant believed that the short service argument had no merit because there was no prejudice to her client, and presented her own expert witness, Nancy Zalesky Berg, who testified that appellant lacked a good faith basis to request a continuance and appellant's advice about the probable outcome of the hearing was correct. Berg concluded that appellant's competence was not at issue when she failed to advise her client to comply with the order to show cause because appellant was not aware of the order.

The director based the charges of lack of diligence under Minn. R. Prof. Conduct 1.3 upon many of the same facts as above, particularly appellant's failure to obtain copies of the motion papers which would have alerted her to the order to show cause. In addition, the director noted appellant's failure to advise her client to file an in forma pauperis affidavit until June 9, 1995. Appellant again argues that any inaction is attributable to her client's uncooperativeness.

Considering these two charges together, we affirm the conclusions of the panel on the basis that the panel's findings were not clearly erroneous. While appellant argues that nothing in the rules compels an attorney to take many of the actions cited by the director, in a circumstance where the client is uneducated as to her rights and it appears that appellant, with a modest amount of digging, might have developed some opposing affidavits to support her client's position, her failure to obtain copies of the motion papers, or at a minimum verify that they were correctly reported to her, together with her failure to attend the hearing, substantiate the conclusions of the district investigators, the director, and the panel.

The panel also determined that appellant violated Minn. R. Prof. Conduct 1.4. Rule 1.4 requires that: (a) a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and (b) a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. The director's assertion that appellant failed to adequately communicate with her client is supported in the record. Appellant did not fully discuss the law with A.O., or the progress of the case, nor did she explain to A.O. the consequences of noncompliance with an order to show cause.

We find support in the record indicating violations of Minn. R. Prof. Conduct 1.1, 1.3, and 1.4 and we do not believe that the panel's decision was clearly erroneous. We therefore affirm the admonition issued by the director. In reaching this conclusion however, we are mindful of the additional burden on appellant in adequately representing A.O., a reluctant and at times uncooperative client. Nonetheless, there clearly were steps appellant could have taken to more effectively represent her client and her failure to do so provides sufficient grounds for the director to issue a private admonition.