**In re Petition for DISCIPLINARY ACTION AGAINST Richard J. COLEMAN, a Minnesota Attorney, Registration No. 136141.**

No. A03–1451.

Supreme Court of Minnesota.

May 12, 2004.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Richard J. Coleman committed

professional misconduct warranting public discipline, including, leaving a courtroom while trial was in session, failing to adequately supervise a nonlawyer assistant, failing to appear in court on time, failure to deposit advance retainers in trust, failing to return client property and failing to cooperate with the Director's investigation in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.5(b), 1.15(a), 1.15(d), 3.2, 3.4(c), 3.5(h), 5.3(c), 8.1(a)(3) and 8.4(d) and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand and supervised probation for two years subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct (MRPC).

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of execution of the stipulation. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis. Procedures shall also be instituted to ensure respondent regularly reviews his calendar or appointment book to determine court scheduling conflicts. Respondent shall promptly notify all affected tribunals and opposing counsel of scheduling conflicts and make efforts to resolve the conflicts as far in advance of the scheduled hearings as is reasonably possible.

f. Within 30 days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent

shall provide progress reports as requested.

g. Respondent shall enter into a written retainer agreement, signed by both respondent and the client, with all clients on matters in which respondent is retained in a private (non-public defender) capacity that comply with Rule 1.5(b), MRPC, and Rule 1.15(b), MRPC, as further interpreted by Opinion No. 15 of the Lawyers Professional Responsibility Board. Respondent shall maintain a copy of the retainer agreement in the client file and shall maintain a separate file containing copies of all retainer agreements executed on or after the date respondent signs this stipulation.

The Director and respondent also agree that respondent shall pay $900 in costs and disbursements under Rule 24, RLPR.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Richard J. Coleman is publicly reprimanded and placed on supervised probation for a period of two years subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs and disbursements under Rule 24, RLPR.

BY THE COURT:

/s/Paul H. Anderson
Associate Justice