In re PETITION FOR DISCIPLINARY ACTION AGAINST Eric Leighton CRANDALL, a Minnesota Attorney, Registration No. 189492.

No. A04–2431.

Supreme Court of Minnesota.

July 28, 2005.

Eric Leighton Crandall, New Richmond, WI, pro se.

## OPINION

### PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Eric Leighton Crandall committed professional misconduct warranting public discipline by neglecting matters of three clients, failing to communicate with clients, and failing to cooperate fully with the Director.[1] Crandall and the Director stipulated to dispense with panel proceedings and to immediately file the petition with this court. When Crandall failed to file an answer to the petition, we ordered the petition admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). The only issue before us is the level of discipline to be imposed. The Director recommends indefinite suspension from the practice of law, with no right to apply for reinstatement for at least 6 months. Crandall argues that public reprimand and probation are appropriate. We agree with the Director that Crandall has committed serious misconduct warranting an indefinite suspension, but hold that Crandall may apply for reinstatement after 3 months.

Crandall practices law in New Richmond, Wisconsin, and previously practiced in Stillwater, Minnesota. He was privately admonished once before—in 2001 for failing to communicate with a client. The present petition involves three civil actions that Crandall filed on behalf of three clients in United States District Court, District of Minnesota.

In the first action, Crandall failed to respond to motions to dismiss and to recover attorney fees and costs, and then failed to appear at a motion hearing. The court granted the motion to dismiss and awarded $10,193.23 in costs and attorney

---

1. The Director alleges that Crandall violated Minn. R. Prof. Conduct 1.3 (diligence), 1.4 (keep client informed), 3.2 (expedite litigation), 3.4(c) (obey tribunal rules), 8.1(a)(3) (cooperate with disciplinary matter), and 8.4(d) ("It is professional misconduct for a lawyer to engage in conduct that is prejudi-

cial to the administration of justice"); as well as Rule 25, Rules on Lawyers Professional Responsibility, which requires lawyers subject to investigation to appear for conferences and to furnish documents and an explanation about the misconduct.

fees, which Crandall paid in November 2003.

In the second action, Crandall failed to respond to requests for admission, and the requests were deemed admitted. When Crandall failed to appear at an October 24, 2003, summary judgment hearing, the federal district court granted the defendant's motion for summary judgment, sanctioned Crandall $20,000, and suspended him from federal practice. Crandall paid the sanction and was reinstated to federal practice.

In the third action, commenced in January 2003, Crandall failed to adequately respond to client questions regarding the representation. Crandall then failed to respond to discovery requests and a request to stipulate to an amended answer. Crandall did not inform the client about those requests, about a counterclaim, or about a motion to compel discovery and to recover fees and sanctions. Crandall failed to appear at a July 21, 2003, hearing and did not inform the client about a July 22 order warning that failure to produce discovery responses would result in attorney fees being awarded. When Crandall did not appear at a July 29 hearing, the defendant's motions to amend and add a counterclaim were granted. The action was settled in November 2003, but the client refused to sign a settlement agreement or a stipulation of dismissal until a provision regarding interest payments was included. Crandall sent the client $700 from his account to cover the disputed interest. In December 2003, Crandall withdrew as counsel and substituted other counsel without the client's permission.

■ Crandall's conduct as described above constituted neglect of client matters, failure to communicate with clients, failure to expedite litigation, and conduct prejudicial to the administration of justice, in violation of Rules 1.3, 1.4, 3.2, 3.4(c) and 8.4(d), RLPR.

■ On April 1, 2004, the client in the third action filed a complaint with the Director, but Crandall failed to respond within 14 days as requested and the Director sent two letters seeking a written response and requesting a June 23 meeting. Crandall sent a facsimile transmission late on June 22 saying that he had not had time to respond but would do so by June 28, and asking to meet with the Director on June 30. Crandall provided no written response and did not meet with the Director on June 30, explaining that a family member had died, that he had not had time to respond, and that he would respond by July 6. Crandall did not respond by July 6, but did meet with the Director on July 8 as agreed, provided some information about the misconduct, and was advised that he still had to file a written response. No written response was received, and on September 1 the Director issued charges of unprofessional conduct. Crandall provided a written response on September 2, appeared for a prehearing meeting, and represented himself before this court on May 10, 2005. Crandall's failure to timely respond constituted non-cooperation with the disciplinary investigation, in violation of Rules 8.1(a)(3) and 25, RLPR. Failure to timely and completely cooperate is a significant factor in an attorney discipline investigation because it impedes the investigation, adds to the burden on the Director's staff, prevents the Director from responding to the complaining party, and frequently precludes the development of a record that explains why the misconduct occurred and how the attorney intends to prevent it in the future.

■ Disciplinary sanctions for professional misconduct are imposed to protect the public and the judicial system, and to deter future misconduct. *In re Moore*, 692 N.W.2d 446, 450 (Minn.2005). In imposing

sanctions on a case-by-case basis, we examine the nature of the misconduct, the cumulative weight of the violation of the rules of professional conduct, the harm to the public, and the harm to the legal profession. *Id.*

Recently, in *Moore* we ordered supervised probation and public reprimand for an attorney who did not attend a hearing, advised the client not to attend, failed to inform the client of consequences ($540 in attorney fees), and had been subject to private discipline three times previously. 692 N.W.2d at 448, 450. Crandall has been disciplined only once before, by private reprimand, but concedes that his actions affected three clients, resulted in the claims of two clients being dismissed and gave rise to more than $30,000 in federal court sanctions. Crandall's only explanation for his misconduct is that he took on more cases than he could handle.

Given the cumulative nature of respondent's client neglect and lack of communication, we agree with the Director that discipline more serious than what was imposed in *Moore* is warranted, and that indefinite suspension is appropriate. *See In re Madsen,* 426 N.W.2d 434, 435–36 (Minn.1988) (ordering indefinite suspension for failing to file summons or complaint and to communicate with client and failing to cooperate in investigation); *In re Pokorny,* 453 N.W.2d 345 (Minn.1990) (ordering indefinite suspension for failing to attend three court appearances and issuing insufficient check to pay fee for nonappearance). We also agree with the Director that the reinstatement procedure in Rule 18, RLPR, is necessary where, as here, the attorney has not adequately explained why the misconduct occurred and has not addressed how clients were harmed or what steps he has taken to prevent future misconduct.

The Director initially recommended that Crandall not be eligible to apply for reinstatement until 6 months after suspension. At oral argument, the Director clarified that the most critical part of the recommendation was the requirement for a reinstatement petition and that a lesser period might be warranted.

Based on the record before us, we conclude that Crandall has engaged in serious misconduct warranting discipline. Therefore, we order that effective 20 days from the date of this opinion Eric Leighton Crandall be indefinitely suspended from the practice of law, pay $900 in costs and disbursements pursuant to Rule 24, RLPR, and comply fully with Rule 26, RLPR. Crandall may seek reinstatement after 3 months from the date of this opinion, but must fully comply with Rule 18(a)-(e), RLPR.

So ordered.

ANDERSON, PAUL H., Justice (dissenting).

## DISSENT

I respectfully dissent. Given the nature and degree of Crandall's misconduct, I conclude that the disciplinary sanction we are imposing lacks proportionality when compared with the sanctions we have imposed in other cases. *See, e.g., In re Edinger,* 700 N.W.2d 462 (Minn. July 28, 2005). *Edinger* and *Crandall* were heard the same day and are being released simultaneously. In *Edinger,* we imposed a sanction identical to the one we are imposing here. But the nature and degree of misconduct in these two cases is different; therefore, the sanctions should be different.

In my dissent in *In re Edinger,* I asserted that Edinger's suspension should be increased from three months to four months. In turn, I would decrease the

length of time after which Crandall may seek reinstatement from three months to two months. While the difference in the length of the suspension in these two cases may appear slight and even insignificant to some, it is not. One or two months in the practice of law for someone who depends on his law practice for his livelihood is very significant, a fact of which we should never lose sight. Moreover, the difference in the length of the two suspensions recognizes that there should be a difference in the two sanctions if we hope to maintain proportionality in the sanctions we impose.

The happenstance that the professional misconduct cases of Edinger and Crandall were heard and conferenced on the same day gives us a good opportunity to compare the two lawyers' misconduct and impose sanctions that are in proportion to that misconduct. The Director recommended that we impose a minimum six-month suspension in each case; instead, we have imposed three-month suspensions. Neither the Director's recommendations nor the sanctions properly account for the difference in the nature and degree of misconduct.

I conclude that Edinger's misconduct is the more serious of the two. In Edinger's case, in order to conceal the misuse of his. trust account, he engaged in a very pronounced pattern of repeated misrepresentations when he falsified documents requested by the Director. Edinger also repeatedly failed to cooperate with the Director. The Director first received notice of possible problems with Edinger's trust account in January 2002. It was not until early 2004 that Edinger, after repeated requests, provided most, but not all, of the documentation requested by the Director. Further, it was only later in 2004 that Edinger acknowledged that he had falsified documents he had provided to the Director.

Crandall's disciplinary action is the result of his neglect of client matters, failure to communicate with clients, failure to expedite litigation, and conduct prejudicial to the administration of justice. Crandall's misconduct, like Edinger's misuse of his trust account, is serious. Crandall's misconduct involved neglect of three client matters in federal court, most of which appears to have occurred during part of 2003. As the result of his neglect, Crandall paid federal court fees and sanctions in excess of $30,000. Crandall's lack of cooperation with the Director extended from April 1, 2004, until the fall of 2004, during which time he did communicate with the Director, including a meeting with the Director on July 8. However, unlike Edinger, Crandall does have a history of prior discipline—a 2001 admonition for failure to communicate with a client.

A failure to cooperate with an investigation by the Director is serious misconduct. It increases the time, staffing, and cost of enforcing the Rules on Lawyers Professional Responsibility. The majority correctly points out that lack of cooperation "impedes the investigation, adds to the burden on the Director's staff, prevents the Director from responding to the complaining party, and frequently precludes the development of a record that explains why the misconduct occurred and how the attorney intends to prevent it in the future."

Edinger's extended period of noncooperation and his intentional falsification of information significantly distinguish his misconduct from Crandall's. Although it is difficult to understand Edinger's falsification of information and lack of cooperation, it must be emphasized that he acted with intent to deceive and then thwarted the Director's efforts to deal with his misconduct. Such behavior strikes at the heart of the trust and integrity we expect

of persons admitted to the practice of law. Thus, Edinger's misconduct merits a more severe sanction than Crandall's.

I believe it is important to add a comment about the federal court sanctions imposed upon Crandall. The federal court temporarily suspended Crandall from practicing before that court and imposed fees and sanctions of more than $30,000, which Crandall has paid. Crandall wants us to treat the federal sanctions and his payment of all monies due as mitigating factors. We should not do so because our disciplinary sanctions and those of the federal court have different ends. Thus, payment of federal sanctions does not and should not mitigate what we do. That said, I add that, on the other hand, a purposeful failure to comply with or ignore the federal court's sanctions may be viewed as an aggravating factor.

I would suspend Crandall from the practice of law with the condition that he may seek reinstatement after two months from the date of this order.

BLATZ, Chief Justice (dissenting).

I join in the dissent of Justice Paul H. Anderson.