In re PETITION FOR DISCIPLINARY ACTION AGAINST Yvonne B. MOORE, a Minnesota Attorney, Registration No. 74895.

No. A05–1383.

Supreme Court of Minnesota.

Jan. 5, 2006.

See also 692 N.W.2d 446.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Yvonne B. Moore committed professional misconduct warranting public discipline, namely, making an improper ex parte communication with a judge during a

lawyer discipline proceeding and falsely certifying she had never been disciplined and was not then the subject of disciplinary proceedings, in violation of Minn. R. Prof. Conduct 8.4(a), (c) and (d).

 On November 22, 2005, the referee appointed by this court made his findings of fact, conclusions of law, and recommendation for discipline. The referee found respondent knowingly made false statements of fact when she indicated on two applications to provide volunteer legal services that no disciplinary actions had ever been taken against her and that she was not the subject of a current disciplinary proceeding. The referee found this conduct violated Minn. R. Prof. Conduct 8.4(c) and (d). The referee further found respondent attempted to make an improper ex parte contact with a judge in connection with a then-pending disciplinary petition. The referee found this conduct also violated Minn. R. Prof. Conduct 8.4(c) and (d). The referee found respondent's previous disciplinary history, the fact that the conduct occurred during and directly relating to a disciplinary proceeding, and respondent's failure to acknowledge the wrongful nature of her misconduct to be factors substantially aggravating respondent's misconduct.

 Respondent stipulates the referee's findings of fact and conclusions of law are conclusive, waives briefing and oral argument before this court, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is suspension from the practice of law for 90 days under Rule 15, RLPR, effective 14 days from the date of the court's suspension order, subject to the following conditions:

(1) The reinstatement hearing provided for in Rule 18, RLPR, is waived.

(2) Respondent shall successfully complete the professional responsibility portion of the state bar examination within one year of the date of this court's order.

(3) Respondent shall comply with Rule 26, RLPR.

(4) Respondent shall pay $900 in costs pursuant to Rule 24(a), RLPR.

(5) Respondent be reinstated following the expiration of the suspension period provided that, at least 15 days before the expiration of the suspension period, respondent shall file an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent is current with all continuing legal education requirements, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions imposed by the court in this order.

(6) Following respondent's reinstatement, respondent is placed on supervised probation for two years upon the terms set forth in the court's February 24, 2005, opinion (*In re Moore*, 692 N.W.2d 446 (Minn.2005)).

This court has independently reviewed the file and approves the jointly recommended disposition with the exception that respondent be required to petition this court for reinstatement.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Yvonne B. Moore be suspended from the practice of law for a period of ninety (90) days, effective 14 days from the date of this order, subject to the conditions set forth above except that the reinstatement procedures set forth in Rule 18(a)—(d), RLPR, shall apply. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR.

BY THE COURT

/s/Russell A. Anderson
Associate Justice